UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>    LEIGH SMALL and AMY SMALL,<br>        *Debtors* | Case No.: 16-31683 (AMN)<br>Chapter 7 |
| NEIGHBORHOOD HOUSING<br>SERVICES OF NEW HAVEN, INC.<br>        *Movant*<br>v.<br>LEIGH SMALL and AMY SMALL,<br>        *Respondents* | Re:   ECF No. 62, 63, 73, 90,<br>91, 111, 112 |

### ORDER

Before the court are four motions by Neighborhood Housing Services of New Haven, Inc. ("Neighborhood Housing"), seeking to extend the deadlines to file 1) a complaint objecting to discharge pursuant to 11 U.S.C. § 727 and to dischargeability pursuant to 11 U.S.C. § 523(a), and 2) a proof of claim.[1]  The debtors, Leigh and Amy Small ("Mr. and Mrs. Small" and "Debtors") object to the requested extensions and assert that Neighborhood Housing lacks standing, as it is neither a creditor nor a party in interest of the Debtors.  The Debtors, asserting this same lack of standing argument, have filed a motion seeking to quash the subpoenas, served pursuant to Fed.R.Bankr.P. 2004, of Leigh Small, Yul Watley, and Bruce Small and have objected to Neighborhood Housing's

---

[1] The two motions requesting an extension of the deadline to file a §§ 523 or 727 complaint include ECF Nos. 62 and 111.  The two motions requesting an extension of the deadline to file a proof of claim include ECF Nos. 63 and 112.

request for examination, pursuant to Fed.R.Bankr.P. 2004, of Webster Bank and TD Bank.[2]

The resolution of these pending matters hinges on whether Neighborhood Housing has standing in this chapter 7 proceeding as a creditor and/or a party in interest. After consideration of the record of this case, the court concludes as follows:

- Neighborhood Housing has failed to articulate any of the specific situations listed in Fed.R.Bankr.P. 3002(c) to justify an extension of the time to file a proof of claim; and

- Neighborhood Housing has standing as a party in interest and creditor to seek an extension of the deadline to file a complaint objecting to discharge or dischargeability; and

- Neighborhood Housing has sufficiently shown cause permitting an extension of the deadlines to object to discharge and/or dischargeability; and

- Neighborhood Housing is entitled to conduct the Rule 2004 examinations of Leigh Small, Yul Watley, Bruce Small, Webster Bank and TD Bank.

The court will post an audio file on the docket of this case on or before October 3, 2017, providing the parties with additional procedural and legal background and analysis.

The court assumes familiarity with the procedural history of the case and the claims made by the movant and the respondents. As it relates to the motions seeking to extend the time to file a proof of claim, Neighborhood Housing has not asserted that any of the

---

[2] The Debtors filed one motion, ECF No. 73, seeking to quash three subpoenas. Additionally, in response to Neighborhood Housing's motions for Rule 2004 Examination of Webster Bank and TD Bank, ECF No. 90 and 91, respectively, the Debtors filed two objections, ECF Nos. 105 - 106 and 107 - 108, respectively.

specific situations set out in Rule 3002(c) apply. Accordingly, on that basis alone, the court must deny the motions seeking an extension of the deadline to file a proof of claim.[3]

The court concludes that Neighborhood Housing has sufficient stake in the outcome of this proceeding and has, at the minimum asserted, a cognizable claim to afford it creditor and party in interest status in this case.

ACCORDINGLY, it is hereby

ORDERED, that the motions to extend the time to file a proof of claim, ECF Nos. 63 and 112, are DENIED; and it is further

ORDERED, that the motions to extend the deadline to file either a § 523 or § 727 complaint, ECF Nos. 62 and 111, are GRANTED and the deadline is extended to October 31, 2017; and it is further

ORDERED, that the motions for examination pursuant to Fed.R.Bankr.P. 2004, ECF Nos. 90 and 91 are GRANTED and the examinations of TD Bank and Webster Bank shall be allowed; and it is further

ORDERED, that the motion to quash, ECF No. 73, is DENIED IN PART, as it pertains to the examinations of Yul Watley and Bruce Small.

Dated on September 29, 2017, at New Haven, Connecticut.



Ann M. Nevins
United States Bankruptcy Judge
District of Connecticut

---

[3] The court notes that Neighborhood Housing has the ability to file a tardy proof of claim and that the allowance of any such proof of claim shall be addressed by 11 U.S.C. § 502.